GENERAL ELECTRIC CO. v. AMERICAN BRASS & COPPER CO.

(Circuit Court of Appeals, Second Circuit. March 10, 1914.)

No. 164.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—LAMP SOCKET.
  The Sargent patent, No. 665,582, for a lamp socket for electric lights,
  is valid, but must be narrowly construed, and limited to the combination
  described and shown. As so construed, *held* not infringed.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the General Electric Company against the American Brass & Copper Company. Decree for defendant, and complainant appeals. Affirmed.

See, also, 209 Fed. 237.

This is an appeal from a decree of the District Court for the Southern District of New York dismissing the bill based on letters patent No. 665,582 granted to Howard R. Sargent, January 8, 1901, for a lamp socket.

The claims in issue here (1, 11 and 15) were held valid and infringed in General Electric Co. v. Freeman in the District of New Jersey. The decision of Judge Cross was filed May 15, 1911, and is reported in 190 Fed. 34. It was affirmed by the Circuit Court of Appeals for the Third Circuit November 6, 1911, 191 Fed. 169, 111 C. C. A. 646, and has been followed in the Second Circuit, where preliminary injunctions have been granted.

On the other hand Judge Killits in the Northern District of Ohio decided June 11, 1913, General Electric Co. v. Yost Electric Mfg. Co. (D. C.) 208 Fed. 719, in an action brought by the complainant against the Yost Electric Company, who manufactured the sockets in controversy, held that the patent must be narrowly construed and that, as so interpreted, the defendant did not infringe and that the complainant was guilty of laches in failing to assert its rights. An appeal from this decision is now pending in the Sixth Circuit.

Samuel Owen Edmonds, of New York City, for appellant.

Owen, Owen & Crampton, of Toledo, Ohio (Robert H. Parkinson, of Chicago, Ill., and Wilber A. Owen, of Toledo, Ohio, of counsel), for appellee.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge (after stating the facts as above). The patent in suit is for an improvement in lamp sockets for electric lights. The sole object of the patentee, so far as the claims in controversy are concerned, is to provide insulation for the cap of the shell. This consists of ordinary insulating fiber made to fit between the metallic cap and the upper portion of the insulating base of the socket to prevent current from flowing through the metallic cap. In this way the danger of fire and of shocks to persons handling the shell is avoided. In other words, at a point where experience has shown that danger is to be apprehended, insulating material has been interposed. This would seem to be an obvious thing to do and within the knowledge of competent electricians, viz., to insulate an exposed current. But the patentee asserts that the difficulty of securing the lining in position arises from the fact that ordinary securing means would pass through the cap and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lining "and would defeat the very object for which the lining is interposed." The claims in controversy are as follows:

"1. In an article of substantially the character described, the combination with a cap provided with interior retaining means, of an insulating-lining made yieldable so that it can be forced over the retaining means, which lining is held thereby in the interior of the cap."

"11. In an article of substantially the character described, the combination with a cap, of projections extending in the interior thereof, and an insulating-lining adapted to be sprung over said projections, said lining being held by said projections within the cap."

"15. In an article of substantially the character described, the combination with a cap, having a hole in its crown for the passage of the wires leading to the lamp, of projections extending in the interior of the cap, and an insulating-lining having a hole registering with the hole in the cap, said lining being held by said projections within the cap."

So far as prior decisions are concerned the situation would seem to be that these claims have been held valid by the District Court of New Jersey and by the Circuit Court of Appeals of the Third Circuit and that the identical lamps here in issue have been held not to infringe by the District Court for the Northern District of Ohio and the District Court for the Southern District of New York. The question of patentability is a close one, but in view of the presumption arising from the grant of the patent and the decisions in the Third Circuit, we think it our duty to resolve any doubt there may be upon this question in favor of the complainant. The only question remaining, therefore, is one of infringement.

It is manifest that the patent is not entitled to a broad construction. The so-called problem was not a complex one. It was simply to insulate the cap by placing a non-conducting lining therein and holding it in position within the cap. There was nothing novel in using insulation for this purpose, its use was universal where there was danger of short circuiting and diversion of the currents. The material for such insulation was well known and the only difficulty about its use was how to hold it in place. If the complainant has a particularly advantageous way of doing this it may be able to hold a monopoly in its use, but it cannot prevent others from using a different method of accomplishing the same result. The specification and drawings show clearly what Sargent's method is. He says:

"As shown in Figures 1 and 3, the arms $O$ are formed integral with a yoke $Y$, which is located within the interior of the crown of the cap. As shown in Fig. 2 nozzle $Z$ is provided with an interior perforation for the passage of the wires $I$, which is the opening in the cap above referred to, and on one end is a sleeve $L$, of reduced thickness which fits in the central perforation of the yoke $Y$."

It is not pretended that the defendant uses this construction. It constructs a hollow bead extending outward around the cap and springs the insulating fiber into it. This is not the patented method and no one pretends that it is. It is only when the claims are so broadened that they include equivalents that infringement is established. We are clear, in view of the state of the art and the well-known methods of guarding against live wires, that the claims must be confined to

the combination described and shown and as so construed the defendant does not infringe. It is unnecessary to consider the other defenses of lack of novelty, laches and res judicata, the latter not being pleaded. The decree is affirmed.